NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3103
_____

UNITED STATES OF AMERICA

v.

FREMO SANTANA,
a/k/a Manuel Gierbolini

Fremo Santana,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 1-12-cr-00091-001
District Judge: The Honorable Christopher C. Conner

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 17, 2016

Before: SMITH, HARDIMAN, and NYGAARD, <u>Circuit Judges</u>

(Filed: June 14, 2016)
_____

OPINION<sup>*</sup>
_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SMITH, <u>Circuit Judge</u>

Fremo Santana pleaded guilty, pursuant to a written plea agreement, to a one-count information charging him with conspiring to distribute and to possess with intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846. Following the guilty plea, a probation officer prepared a presentence report (PSR), which computed Santana's offense level based on at least 60 kilograms of heroin and at least 450 kilograms of cocaine. This yielded a base offense level of 38. After application of the acceptance of responsibility adjustment and enhancements for maintaining a stash house and for Santana's leadership role in the offense, *see* U.S.S.G. §§ 2D1.1(b)(12) and 3B1.1(a), the total offense level increased to 42. This offense level and a Criminal History Category of II resulted in an advisory guideline range of 360 months to life.

Santana objected to the drug quantity calculation, as well as the application of both enhancements. An evidentiary hearing was conducted at which the Government offered the testimony of Eric Shuffelbottom, an agent with the Drug Enforcement Agency. Thereafter, the District Court issued a memorandum, setting forth its reasons for rejecting the PSR's findings with regard to the drug calculation. After discussing Agent Shuffelbottom's testimony, the District Court found that his testimony, together with certain hearsay statements he related in his

testimony, were credible. Based on Agent Shuffelbottom's testimony, the District Court calculated a conservative drug quantity to be used for purposes of computing the advisory guideline range. The Court's findings with regard to drug quantity, while lower than the amounts calculated in the PSR, were nonetheless substantial. It found Santana responsible for 34.2 kilograms of heroin and 276 kilograms of cocaine.

At sentencing, the District Court heard argument on the applicability of the two sentencing enhancements, ultimately concluding that each enhancement should be applied. Given the drug quantity the Court had calculated, Santana's total offense level of 40 and his Criminal History Category of II yielded an advisory guideline range of 324 to 405 months. The Court proceeded to consider the sentencing factors in 18 U.S.C. § 3553(a), discussed its reasons for the sentence it would impose, and sentenced Santana to, *inter alia*, 324 months of imprisonment. This timely appeal followed.[1]

Santana contends that the District Court erred because its factual findings with regard to the drug quantity and the sentencing enhancements were not supported by a preponderance of the evidence. We review the sufficiency of the evidence for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc). We are not persuaded by Santana's argument. The District Court

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

carefully set out its analysis of the evidentiary hearing, explaining why it rejected or credited certain testimony. At sentencing, the Court explained its reasons for applying the enhancements. After reviewing the record and the District Court's analysis, we conclude that the District Court did not err, clearly or otherwise.

Santana also attacks the 324-month sentence as substantively unreasonable. We review for an abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). This argument lacks merit given the District Court's thorough consideration of the evidence, its discussion of the § 3553(a) sentencing factors, and the reasons it set out for imposing the sentence.

Finally, for the purpose of preserving the issue for further appeal, Santana argues that the District Court erred because under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the sentencing factors that increased his advisory guideline range had to be charged in the indictment and proved beyond a reasonable doubt. We rejected this argument in *United States v. Freeman*, 763 F.3d 322 (3d Cir. 2014), and do likewise here.

For the above stated reasons, we will affirm the judgment of the District Court.